IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Edward Steedley, )<br>Petitioner, )<br>)<br>v. )<br>)<br>Harold Clarke, )<br>Respondent. ) | 1:13cv485 (GBL/JFA) |

## MEMORANDUM OPINION

This Matter comes before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Edward Steedley, a Virginia inmate. Steedley challenges the constitutionality of his convictions of two counts of distribution of cocaine in the Circuit Court of the City of Williamsburg and James City County. After respondent moved to dismiss the petition, Steedley was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed no reply. Accordingly, the matter is now ripe for disposition. After careful review, the petition will be dismissed with prejudice.

### I. Background

On December 9, 2008, Steedley pleaded guilty to two counts of distribution of cocaine. Case No. CR08016988-90-00; Tr. 3. On May 6, 2010, the Court sentenced Steedley to thirty (30) years in prison, with twenty (20) years and four (4) months suspended, and revoked a previously suspended sentence for Steedley's multiple firearms-related convictions. Case. Nos. CR0801698800, CR00801698900, CR09A1394601, 03-06; Tr. 18-20. Steedley pursued a direct appeal on the sole claim that the trial court abused its discretion when sentencing him, which the Court of Appeals of Virginia denied on November 18, 2010. R. Nos. 1154-10-1 and 1155-10-1.

Steedley sought further review by the Supreme Court of Virginia, but his appeal was refused on May 19, 2011. R. Nos. 102403 and 102404.

On May 11, 2012, Steedley filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia. On December 13, 2012, the court dismissed Steedley's petition and on March 7, 2013, denied Steedley's petition for a rehearing. Steedley timely filed the instant application for § 2254 relief on or about March 12, 2013,[1] reiterating the same claims he raised in his state habeas application, as follows:

> 1. The prosecutor engaged in misconduct by giving the trial court incorrectly calculated sentencing guidelines.
>
> 2. The prosecutor engaged in misconduct by referring to Steedley's unresolved case in another jurisdiction.
>
> 3. The trial court abused its discretion in sentencing Steedley to an active term of eight years and nine months.
>
> 4. The trial court erred in failing to give notice of a possible departure from the sentencing guidelines.
>
> 5. The trial court erred in denying Steedley's motion to appoint new counsel.
>
> 6. Plaintiff was denied effective assistance of counsel when the trial court denied his motion to appoint counsel.
>
> 7. Ineffective Assistance of Counsel.
>
>> (A) Counsel was ineffective for failing to consult with Steedley regarding what arguments to present in his appeal to the Supreme Court of Virginia.

---

[1] For federal purposes, a pleading submitted by an incarcerated litigant generally is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, however, petitioner failed to state when he delivered his petition to prison officials, so the date he signed the petition is indicated here.

(B) Counsel was ineffective because his heavy caseload may have caused him to pursue a plea bargain in lieu of investigating Steedley's case.

(C) Counsel was ineffective for coercing Steedley into taking a plea deal.

(D) Counsel was ineffective for failing to adequately investigate Steedley's mental health history and present it to the court.

On October 4, 2013, respondent filed a Rule 5 Answer and a Motion to Dismiss, along with a supporting brief and exhibits. Petitioner did not file a reply. Accordingly, the petition is now ripe for disposition.

## II. Procedural Default

Steedley's claims 1, 2, 4, and 5 are procedurally barred from review on the merits. A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual

innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

The Supreme Court of Virginia held that these claims were defaulted and explicitly cited Slayton v. Parrigan, 215 Va. 27, 29 (1974). See Steedley v. Dir., Dep't Corr., R. No. 120799 at 1-3 (Va. Dec. 13, 2012). As the Fourth Circuit has held that Slayton is an independent and adequate state law ground to bar federal review, these claims are now barred from review. See Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999); Mu'Min, 125 F.3d at 196-97. Steedley was provided the opportunity to submit a response to respondent's Motion to Dismiss but made no reply. As such, he has failed to show cause and prejudice or a fundamental miscarriage of justice. See Harris, 489 U.S. at 260. Therefore, claims 1, 2, 4, and 5 of this petition are procedurally barred from consideration on the merits. Id.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of

each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

1. Claim 3: Trial Court Abused its Discretion in Sentencing Steedley

A federal writ of habeas corpus may issue only where a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2254(a); see Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Where a petitioner alleges that a state court incorrectly applied state law, the claim fails to state a basis for federal habeas corpus relief. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright, 151 F.3d at 159. A claim of error in a state court sentencing proceeding raises only issues of state law and thus is not cognizable in a § 2254 petition, even when the claim is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988). Therefore, Steedley's claim that the sentencing court abused its discretion fails to state a basis for federal habeas corpus relief.

2. <u>Ineffective Assistance of Counsel Claims</u>

Steedley's remaining claims all allege ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," <u>id.</u> at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." <u>Id.</u> at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689; <u>see also</u> <u>Burket v. Angelone</u>, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); <u>Spencer v. Murray</u>, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy <u>Strickland</u>'s prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>; <u>accord</u> <u>Lovitt v. True</u>, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." <u>Carrier</u>, 477 U.S. at 494 (citations omitted, emphasis original). The two prongs of the <u>Strickland</u> test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show

both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice.

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

### Claim 6: Denial of Effective Assistance of Counsel by Trial Court

In claim six, Steedley alleges that the trial court denied him effective assistance of counsel when it refused to appoint him new counsel. Pet. Attach. p. 11. Specifically, Steedley states that he

brought to the attention of the Court that he and his counsel were not seeing "eye to eye" but that the "Judge presiding over the case refused a change of lawyers." Id. When Steedley raised this claim in his state habeas petition, the Supreme Court of Virginia held:

> The Court rejects this claim because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981).

Steedley v. Dir. Dep't Corr., R. No. 120799 at 2 (Va. Dec. 13, 2012).

Steedley has failed to demonstrate that the foregoing determination was either contrary to clearly established federal law or based on an unreasonable determination of the facts. The fact that Steedley was not seeing "eye to eye" does not result in his trial counsel's performance being ineffective. Aside from that, petitioner has come forward with nothing to indicate that counsel worked to his actual and substantial disadvantage, such that trial was tainted with errors of constitutional dimensions. Cf Murray v. Carrier, 477 U.S. 478, 494 (1986). Under these circumstances, the state court's determination that Steedley's claim warranted no relief must be allowed to stand. Williams, 529 U.S. at 412-13.

Claims 7(A), (B), (C), and (D):

In claim 7(A), Steedley alleges that counsel rendered ineffective assistance because counsel failed to consult with him regarding arguments to be raised in his appeal to the Supreme Court of Virginia. Pet. Attach. p. 13. Specifically, Steedley states that his counsel never informed him of a letter the Supreme Court of Virginia sent, which informed counsel of the right to state why an appeal should be granted, nor that a conference call was set for Tuesday, April 12, 2011. Id. Steedley argues that had he been aware of this information he "would have had counsel elaborate grounds that [sic] client felt sufficient." Id.

In claim 7(B), Steedley alleges counsel rendered ineffective assistance because counsel's

8

heavy caseload may have caused him to pursue a plea bargain instead of conducting an adequate investigation. Pet. Attach p. 13-14. ("The demand of [counsel's] overwhelming caseload could play an effect on his reasonableness and cause counsel to want to jump into plea-bargains and not investigate other options. [Petitioner] feels [counsel's] case load effects his work ethic and therefor causes harm to clients cases.").

In claim 7(C), Steedley alleges counsel rendered ineffective assistance because counsel coerced him into pleading guilty based on inaccurate guidelines. Pet. Attach. p. 14. ("Counsel coerced Steedley into taking a plea based on inaccurate guidelines.").

In claim 7(D), Steedley alleges counsel rendered ineffective assistance because counsel failed to adequately investigate petitioner's mental health history and present it to the court. Pet. Attach p. 14. ("Counsel was ineffective by his [sic] failure to adequately investigate appellants mental health history. . . . [C]ounsel never attempted to look into this or present this information to the court."). Specifically, Steedley alleges that he was raised in an abusive home by parents who were alcoholics, which lead to his living in a group home and regularly meeting with a psychiatrist as a teenager. Id.

At the plea colloquy on May 6, 2010, Steedley stated under oath that he freely and voluntarily made his own decision to plead guilty to all charges, and entered such pleas because he was in fact guilty. Tr. 5. Steedley told the Court that he had discussed the charges and their elements with his attorney and that he understood the charges against him. Id. at 4. After that discussion, Steedley stated under oath that he was entirely satisfied with counsel's services and that there was not anything he had asked his counsel to do that his counsel failed or refused to do. Id. at 7. Because Steedley is bound by these statements, Lemaster, 403 F.3d at 221 - 22, and because the voluntariness of the plea has not been successfully challenged, Steedley cannot now

show that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 59. Therefore, under these circumstances, the Virginia Supreme Court's rejection of Steedley's claims 7(A)-7(D) was neither contrary to nor an unreasonable application of the applicable federal law; thus, the same result must pertain here. Williams, 529 U.S. at 412-13.

## V. In Forma Pauperis

On April 18, 2013, Steedley submitted a Motion for Leave to Proceed in forma pauperis. On June 18, 2013, the Court received the required filing fee. As such, Steedley's motion will be denied, as moot.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief will be granted and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 10th day of July 2014.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge